UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR PAZ-VALENZUELA,<br><br>        Petitioner,<br><br>   v.<br><br>ANDREWS, ET AL.,<br><br>        Respondents. | No. 1:25-cv-01794-JLT-SKO (HC)<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RESPONDENTS TO **IMMEDIATELY** RELEASE PETITIONER AND ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER<br><br>Docs. 1, 18 |

Oscar Paz-Valenzueal is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) Through Local Rule 302(c)(17), this matter was referred to the Magistrate Judge to issue a determination on the merits. Today, the petitioner filed a motion for temporary restraining order. (Doc. 18) The respondents oppose this motion[1]. (Doc. 19) To speed resolution of this case, the Court **WITHDRAWS** the reference of this case to the Magistrate Judge and **GRANTS** the petition for writ of habeas corpus[2].

**I.    Analysis**

On December 15, 2025, the Magistrate Judge ordered the respondents to respond to the

---

[1] The respondents reiterate the same arguments they set forth in their response to the petition for writ of habeas corpus. *Compare* Doc. 13 and Doc. 19.

[2] For this reason, the motion for temporary restraining order is **MOOT.**

1

1 petition. (Doc. 7.) Respondents filed an opposition to the petition and contended that the
2 petitioner's detention authority is lawful. (Doc. 13.) They do not claim that the petitioner has
3 violated any term of his release nor that there is any other basis to retain him in custody. *Id*. They
4 support their assertion that detention is proper by relying only on the argument that the petitioner
5 is subject to mandatory detention. *Id*. In taking this position, they make no effort to distinguish
6 this case from the numerous cases of this Court and others, finding this legal position to be
7 incorrect and the detention unlawful. *Id.*; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO
8 (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC),
9 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC),
10 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

11 Soon after filing their response to the petition, the respondents filed a supplement to their
12 opposition, setting forth the relevant documents from the petitioner's A-File. (Doc. 15; Doc. 15-1)
13 Despite these documents indicate that the petitioner claimed an affiliation with the criminal street
14 gang MS-13 (Doc. 15-1 at 6), the respondents do not contend that the petitioner's detention was
15 based upon this affiliation, nor do they argue that it is a reason for him to remain in detention.[3]
16 (Doc. 15) Indeed, they do not mention this fact. *Id*. The petitioner denies any such affiliation.
17 (Doc. 18 at 1)The Court is not permitted to manufacture arguments for any party.

18 Thus, for the reasons set forth, the Court **ORDERS:**
19     1. The reference of this matter to the Magistrate Judge is **WITHDRAWN**;
20     2. The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the
21 orders cited above;
22     3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner
23 unless the government provides notice to Petitioner a minimum of seven days in advance and
24 holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable
25 regulations, at which Petitioner's eligibility for bond must be considered, and where the
26 government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or

---

[3] Notably, the petitioner is a single father of two teen-aged children due to his wife's death in May 2025. (Doc. 15-1 at 6)

2

danger to the community, such that physical custody is legally justified[4];

4. The motion for temporary restraining order (Doc. 18) is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated: **February 13, 2026**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

3